WOOD, Administrator, Appellant, *v.* ROBBINS, Executor, et al., Respondents.

(No. 5,184.)

(Submitted April 30, 1923. Decided May 26, 1923.)

[215 Pac. 1101.]

*Trusts—Parties Defendant—Substitution—Intervention—Order of Proof—Burden of Proof—Harmless Error—Equity—Findings—When Conclusive.*

Trial—Parties Defendant—Substitution—Intervention—Burden of Proof—Order of Proof—Harmless Error.
 1. In an action to compel delivery of a stock certificate defendant corporation disclaimed any interest and the court thereupon substituted as defendant the person to whom it had been issued, the contention of plaintiff that by such order of substitution an intervention was effected thus shifting the burden of proof on the issue of ownership of the certificate upon the defendant and that the court erred in ruling otherwise, *held* without merit; *held*, further, that if error was committed, plaintiff was not prejudiced thereby, it appearing

[67 Mont. 409.]

that he did not stand upon his objection but proceeded to make out a *prima facie* case without aiding the case of defendant, the latter thereupon doing the same, and that plaintiff was not precluded by the procedure followed from adducing any testimony material to his case.

Trusts—Acceptance by Trustee Necessary.
2. In order to bring about a trust relationship so as to bind the trustee thereby there must have been some act or declaration by the trustee indicating an acceptance of the trust.

Equity—Findings—When Conclusive.
3. Findings in an equity case complained of as not supported by the evidence will not be disturbed on appeal unless the evidence clearly preponderates against them, a mere conflict in it being insufficient.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION by Sterling M. Wood, as administrator of the estate of George S. Crosby, deceased, against E. L. Robbins, as executor of the last will of John D. Losekamp, deceased, and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Messrs. Collins & Wood,* for Appellant, submitted a brief; *Mr. Sterling M. Wood* argued the cause orally.

*Messrs. Johnston, Coleman & Johnston,* for Respondent Robbins, submitted a brief; *Mr. J. H. Johnston* argued the cause orally.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This case is before us on an appeal from a judgment entered after a new trial ordered by this court. The title of the cause of the former appeal was George A. Crosby *v.* F. L. Robbins, as executor of the last will of John D. Losekamp, deceased, and another. The opinion thereon is to be found in 56 Mont. 179, 182 Pac. 122. Prior to the second trial, the original plaintiff died, and appellant herein, Sterling M. Wood, as administrator of his estate, was substituted as plaintiff. All of the facts disclosed in the former opinion

which were taken from the testimony are before us on this appeal. We refer to that opinion for such facts.

The contentions made by the respondent formerly are pre-
[1] sented by the appellant here. They are that the instrument under which Losekamp claimed title to the stock was voidable in that the relationship of trustee and beneficiary existed between Losekamp and Crosby, and that the transfer was without consideration, and that the instrument was procured by false and fraudulent representations made by Losekamp. However, in addition to the propositions first before this court, appellant now argues that notwithstanding the form of the order which first brought respondent into this case, the effect was that an intervention took place which resulted in a shifting of the burden of proof, and that the ruling of the trial court on the second trial that the appellant had the burden of proving the ownership of the stock involved was erroneous. The argument proceeds with the assertion of the proposition that respondent failed to meet the burden which devolved upon him to prove nonownership by appellant.

Without going into a. discussion of the reasons for our conclusions, we will say that we do not agree with counsel for appellant. However, assuming that the argument is sound, we are confronted by the situation that the appellant did not stand upon his contention and did proceed to make a *prima facie* showing of ownership of the stock without in any sense making a case for respondent. Respondent then proceeded to make a *prima facie* case for himself, in addition disclosing facts which he might not have been required to show until appellant had put in his testimony, which was put in as rebuttal. We cannot see how any prejudice resulted from the procedure followed. Appellant does not contend that he was precluded from adducing any testimony material to his case. He merely complains of the order of proof adopted. If he had stood upon his objection as interposed at the commencement of the trial, we might be confronted with

the question; but as the record is we are of the opinion that the specification of error based upon the ruling of the trial court is without merit.

As has been intimated, on rebuttal appellant sought to meet the conclusions of this court upon the former appeal by showing that subsequent to the execution of the instrument referred to in the former opinion as "Exhibit A," which it was there held did not create John D. Losekamp a trustee for George A. Crosby and others, and subsequent to the performance of the terms of that instrument, an oral trust was created whereby Losekamp was to hold the stock in trust for Crosby and others. We assume, without deciding, that a trust relationship would result from the facts testified to. In order [2] to bring about a trust relationship so as to bind the trustee thereby there must be some act or declaration by the trustee indicating an acceptance of the trust. (See sec. 7885, Rev. Codes 1921, and *Crosby* v. *Robbins, supra.*) It is clear that the testimony adduced referred to an agreement made prior to the time when Losekamp caused the entire block of stock to be canceled and reissued to the various persons entitled thereto. This brings us face to face with the situation which was considered by this court on the former appeal and of which the court said: "Exhibit 'A' is devoid of anything to suggest an intention to create a trust. The legal title to the Bonnar stock was conveyed to Losekamp by Bonnar, and it may be assumed that a trust was created for the purpose of securing funds for the company; but that trust which is referred to in Exhibit 'A' was extinguished as soon as the money was furnished and is not the trust relied upon in this action. There is not anything to suggest that Losekamp accepted a trust, if it was intended by the other signers to create such relationship. Losekamp died before this suit was instituted, and his intention can be gathered only from his acts with reference to this agreement; and, in so far as those acts indicate his intention, they disavow any purpose on his part to accept the responsibility of trustee. Almost

immediately after the legal title to the Bonnar stock became vested in him, he caused his stock certificate to be canceled, and in lieu thereof caused a certificate to be issued to each subscriber for the number of shares to which he would be entitled if he fully discharged his obligations under the contract. Losekamp thereby put it out of his power to control the stock in any manner. He ceased to hold the legal title and became merely a stakeholder for his associates."

The most that can be said for appellant on this point is [3] that appellant's testimony that Losekamp accepted the trust created a conflict in the evidence. Certainly it does not clearly preponderate against the findings and under the rule so many times announced by this court, such a finding will not be disturbed. (See *Sanger* v. *Huguenel,* 65 Mont. 236, 211 Pac. 349.)

Apparently counsel for appellant do not seriously rely on the contention that the assignment or transfer of the stock which was executed August 26, 1911, was procured by false and fraudulent representations, since practically no attention is given it in the brief. Nevertheless we have gone into the matter and are of the opinion that there is nothing in the record which takes that issue out of the rule, for the statement of which *Sanger* v. *Huguenel,* supra, is cited. With the exception of the question as to the burden of proof, which was first discussed, the answer to all of the specifications of error is that an examination of the record does not disclose that any of the findings of the trial court are open to the attack that the evidence preponderates against them.

We recommend that the judgment appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied June 15, 1923.